**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7864**

CREADELL HUBBARD,

                Petitioner - Appellant,

     v.

CHARLES RATLEDGE, Warden,

                Respondent - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen E. Conrad, Senior District Judge. (7:15-cv-00599-GEC-PMS)

Submitted: August 31, 2020                 Decided: September 10, 2020

Before GREGORY, Chief Judge, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Creadell Hubbard, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Creadell Hubbard, a federal prisoner, appeals the district court's order denying relief on his 28 U.S.C. § 2241 petition in which he sought to challenge his sentence by way of the savings clause in 28 U.S.C. § 2255. Pursuant to § 2255(e), a prisoner may challenge his sentence in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

We have reviewed the record and find no reversible error.[*] Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal

---

[*] We conclude that the district court erred in determining that Hubbard failed to raise his sentencing challenge in a prior 28 U.S.C. § 2255 motion. Nevertheless, we affirm the dismissal of the petition because Hubbard failed to demonstrate that he satisfied the savings clause requirements. *See Kerr v. Marshall Univ. Board of Governors*, 824 F.3d 62, 75 n.13 (4th Cir. 2016) (recognizing that this court "may affirm on any grounds supported by the record"). Hubbard's 327-month sentence was not illegal because the statutory maximum term on each count of conviction could have been stacked, yielding a maximum term far in excess of the sentence he received. *See United States v. Chase*, 296 F.3d 247 (4th Cir. 2002). Thus, any error was harmless.

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*